IN THE UNITED STATES DISTRICT COURT
FOR THE EATERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| THE OLD MILL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| COLLIER DEVELOPMENT COMPANY, INC. | ) | JURY TRIAL REQUESTED |
| | ) | |
| Defendant. | ) | |

COMPLAINT FOR FEDERAL UNFAIR COMPETITION, COMMON LAW TRADEMARK
INFRINGEMENT AND UNFAIR COMPETITION, VIOLATIONS OF THE TENNESSEE
CONSUMER PROTECTION ACT, VIOLATIONS OF THE TENNESSEE TRADEMARK
ACT, AND CANCELLATION OF U.S. TRADEMARK APPLICATIONS

Plaintiff, The Old Mill, LLC, for its complaint against Defendant, Collier

Development Company, Inc., states as follows:

PARTIES

1.      Plaintiff, The Old Mill, LLC, is a Tennessee limited liability company

with a principal place of business at 175 Old Mill Avenue, Pigeon Forge, Tennessee 37868.

2.      Upon information and belief, Defendant, Collier Development Group,

Inc., is a Tennessee corporation with a principal place of business at 204 Sharon Drive, Pigeon

Forge, Tennessee 37863.

JURISDICTION AND VENUE

3.      This is an action for federal unfair competition, common law trademark

infringement and unfair competition, and violations of the Tennessee Consumer Protection Act.

4.      This Court has jurisdiction of the subject matter pursuant to at least 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338, and under this Court's pendent jurisdiction over related state and common law claims arising under the same operative facts and circumstances in accordance with 28 U.S.C. § 1367.

5.      Personal jurisdiction is proper in this district.

6.      Venue is proper in this district pursuant to at least 28 U.S.C. §§ 1391(a), (b) and (c).


## NATURE OF THE ACTION

7.      Plaintiff is and at all times relevant hereto has been in the business of operating a historic tourist attraction as well as providing retail store services featuring novelty items, foods, candies, pottery, souvenirs, clothing and assorted other goods (hereinafter collectively referred to as "Plaintiff's Services") in Pigeon Forge, Tennessee (hereinafter "Plaintiff's Trade Area").

8.      Since at least as early as 1992, Plaintiff personally, and by and though a licensee, has been substantially continuously using and is now using the marks OLD MILL/THE OLD MILL and various other marks incorporating the terminology OLD MILL (collectively Plaintiff's Marks) in commerce in Plaintiff's Trade Area for and in connection with Plaintiff's Services.

9.      Plaintiff's business has increased over the years and so far in 2015 alone, well over one million customers have visited Plaintiff's physical location in Pigeon Forge, Tennessee.

10.     Plaintiff's Services under Plaintiff's Marks are advertised and promoted to consumers regionally, throughout the United States, and the World on the Internet at its website at www.old-mill.com and via advertising in publications with interstate distribution.

11.     By virtue of the quality and nature of the Plaintiff's Services offered under Plaintiff's Marks in Plaintiff's Trade Area, the extensive sales, advertising, provision, marketing and promotion of Plaintiff's Services under Plaintiff's Marks, and the substantially exclusive and continuous use of Plaintiff's Marks in commerce for over twenty years for and in connection with Plaintiff's Services in Plaintiff's Trade Area, Plaintiff's Marks have acquired and come to symbolize and identify a source of great and valuable goodwill for and in connection with Plaintiff's Services.

12.     Plaintiff's Marks are valid and subsisting marks, now owned and not abandoned by Plaintiff for use with Plaintiff's Services.

13.     Plaintiff owns all right, title and interest in and to Plaintiff's Marks for use in connection with Plaintiff's Services in Plaintiff's Trade Area.

14.     At least as early as August, 2015, Defendant publicly announced intentions to open a winery and/or retail store featuring wine, clothing, and wine-related goods (hereinafter "Defendant's Services") using the marks OLD MILL WINERY and THE WINERY AT THE OLD MILL in Pigeon Forge, Tennessee, at a location immediately adjacent Plaintiff's tourist attraction.

15.     Since at least early December 2015, Defendant has advertised Defendant's Services in print publications distributed in Pigeon Forge, Tennessee, announcing the Old Mill Winery is "Opening Spring 2016." An example of Defendant's advertising is shown below.



16. Upon information and belief, Defendant is the owner of U.S. Trademark Application Serial No. 86/666,970 for the THE WINERY AT THE OLD MILL mark and U.S. Trademark Application Serial No. 86/667,122 for the OLD MILL WINERY mark (collectively "Defendant's Trademark Applications"), both of which were filed on June 18, 2015, asserting an intention to use the marks in commerce and seeking to register the marks on the Principal Register of the United States Patent and Trademark Office.

17.     Upon information and belief, based on Defendant's applications to register THE WINERY AT THE OLD MILL and OLD MILL WINERY on the Principal Register, Defendant asserts that the marks are not merely descriptive of Defendant's Services.

18.     Prior to any date of first use of the OLD MILL WINERY and THE WINERY AT THE OLD MILL marks by Defendant for or in connection with Defendant's Services, Plaintiff first used and has made substantially continuous and exclusive use of Plaintiff's OLD MILL Marks in commerce for and in connection with Plaintiff's Services.

19.     The advertising, promotion, provision, sale, and/or offer for sale of Defendant's Services by Defendant under the OLD MILL WINERY and THE WINERY AT THE OLD MILL marks has been done and has been proposed to be done without the license, consent or acquiescence of Plaintiff.

20.     Defendant's use and proposed use of the OLD MILL WINERY and THE WINERY AT THE OLD MILL marks for Defendant's Services has caused and is likely to cause confusion among consumers, the trade in general, and the public at large as to the source of Defendant's Services vis-à-vis the source of Plaintiff's Services offered under Plaintiff's OLD MILL Marks.

21.     Upon information and belief, Defendant knew of the prior use of Plaintiff's OLD MILL Marks to identify the source of Plaintiff's Services before Defendant commenced use of the OLD MILL WINERY and THE WINERY AT THE OLD MILL marks, and therefore Defendant did, and continues to, willfully infringe upon Plaintiff's rights in the OLD MILL Marks.

22.     Despite having had actual knowledge of Plaintiff's prior use of the OLD MILL Marks for Plaintiff's Services, Defendant adopted the OLD MILL WINERY and THE

WINERY AT THE OLD MILL marks and has used the same in willful or reckless disregard of Plaintiff's prior and superior rights therein.

23.     After Plaintiff learned of the proposed use of Defendant's OLD MILL WINERY and THE WINERY AT THE OLD MILL marks for Defendant's Services, Plaintiff placed Defendant on actual notice of its rights in Plaintiff's OLD MILL Marks and demanded that Defendant cease its use and/or intended use of the OLD MILL WINERY and THE WINERY AT THE OLD MILL marks.  Defendant has not complied with Plaintiff's demands.

<u>COUNT I</u>
<u>FEDERAL UNFAIR COMPETITION AND RELATED VIOLATIONS</u>

24.     Plaintiff restates all preceding paragraphs as if fully set forth herein, and for its Count I states as follows:

25.     Defendant's OLD MILL WINERY and THE WINERY AT THE OLD MILL marks are and have been used in commerce in Plaintiff's Trade Area for and in connection with Defendant's Services, which are the same as or are so closely related to those for which Plaintiff's Marks have been and are being used by Plaintiff and the Marks themselves are so similar in the identicality of their dominant element "Old Mill" and other elements thereof that they are likely to cause confusion, mistake, and/or deception in violation of 15 U.S.C. § 1125(a).

26.     Use by Defendant of Defendant's OLD MILL WINERY and THE WINERY AT THE OLD MILL marks as alleged herein falsely represents or suggests to the consumer and to persons in the trade and industry that the Defendant's Services promoted, sold, offered for sale, and/or advertised by Defendant in Plaintiff's Trade Area under Defendant's OLD MILL WINERY and THE WINERY AT THE OLD MILL Marks are provided, distributed and/or sold by or from the same commercial source as, or with the permission of or authorization

from the same commercial source as, the Plaintiff's Services provided, distributed, and/or sold under Plaintiff's Marks and/or that Defendant's Services have been provided in accordance or in compliance with the quality standards established by Plaintiff for Plaintiff's Services offered and/or sold under Plaintiff's Marks, in further violation of 15 U.S.C. § 1125(a).

27.     Defendant has, by its use of the OLD MILL WINERY and THE WINERY AT THE OLD MILL marks, falsely represented to, misrepresented, and deceived the purchasing public and the trade in general as to the commercial origin or source of the Defendant's Services offered and/or sold in commerce in Plaintiff's Trade Area by Defendant under the OLD MILL WINERY and THE WINERY AT THE OLD MILL marks so as to cause members of the purchasing public and/or persons in the trade and/or industry in general to falsely or mistakenly believe that the Defendant's Services provided by Defendant in Plaintiff's Trade Area under Defendant's OLD MILL WINERY and THE WINERY AT THE OLD MILL marks have been authorized by, sponsored by, approved by, or are connected or affiliated with the source of Plaintiff's Services provided in Plaintiff's Trade Area under Plaintiff's Marks, and to falsely or mistakenly believe that the Defendant's Services emanate from the same commercial source as that of the Plaintiff's Services sold or distributed in commerce in Plaintiff's Trade Area under Plaintiff's Marks or from a commercial source related to, connected with, or affiliated with that from which the goods and services emanate under Plaintiff's Marks.

28.     The unauthorized uses by Defendant of Defendant's OLD MILL WINERY and THE WINERY AT THE OLD MILL marks as alleged herein constitute false and misleading designations of origin in violation of 15 U.S.C. § 1125(a).

29.     The unlawful, unjust, and unfair use of the OLD MILL WINERY and THE WINERY AT THE OLD MILL marks by Defendant has and is being undertaken with

knowledge of Plaintiff's long period of prior use and quiet enjoyment of and superior rights in Plaintiff's Marks, and with the deliberate and willful intent to infringe upon, violate and harm the rights of Plaintiff and to unlawfully and unfairly compete with and divert trade, goodwill, and revenue from Plaintiff to Defendant, whereby Defendant has been, is being, and will continue to be unjustly enriched with revenue and other benefits proximately caused by and/or resulting from Defendant's unlawful, unjust, and unfair use of confusingly similar variations of Plaintiff's Marks and intellectual property rights associated therewith.

30. The acts of Defendant alleged herein have caused and will continue to cause substantial and irreparable harm, damage and injury to Plaintiff for which Plaintiff has no fully adequate remedy at law, and will continue unless and until enjoined and restrained by this Court.

## COUNT II
## VIOLATION OF TENNESSE CONSUMER PROTECTION ACT

31. Plaintiff restates all preceding paragraphs as if fully set forth herein, and for its Count II states as follows:

32. By the actions alleged herein, Defendant is in violation of the Tennessee Consumer Protection Act, T.C.A. § 47-18-101 et seq. The acts complained of violate at least subsections (1), (2), (3), and (5) of T.C.A. § 47-18-104(b).

33. As a result of the actions alleged herein, Plaintiff has suffered and continues to suffer financial damage, injury, and irreparable harm.

34. Defendant committed the actions alleged herein knowingly and willfully.

35. Pursuant to T.C.A. 47-18-109(a)(3), Plaintiff is entitled to treble damages for the knowing and willful acts of Defendant alleged herein.

36.     Pursuant to T.C.A. 47-18-109(e)(1), Plaintiff is entitled to its reasonable attorney fees and costs in bringing this claim.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

37.     Plaintiff restates all preceding paragraphs as if fully set forth herein, and states for its Count III as follows:

38.     The activities of Defendant as alleged herein constitute unfair competition and trade piracy in violation of the common law and have been undertaken in order to cause confusion, deception, and mistake among consumers of Plaintiff's Services and persons in the trade and industry in Plaintiff's Trade Area, and to allow Defendant to usurp and to unjustly and unfairly benefit and enrich itself and its principals, and employees by siphoning away goodwill and value built up by Plaintiff over many years of use of and extensive investment in advertising and promotion of Plaintiff's Marks.

39.     Defendant's acts as alleged herein have engendered or are likely to engender a false belief in the minds of the public and persons in the trade and industry in general that Defendant is affiliated with, sponsored by, or associated with the source of Plaintiff's Services marketed and sold under Plaintiff's previously used Marks.

40.     The acts of Defendant alleged herein have caused and will continue to cause substantial and irreparable harm, damage and injury to Plaintiff for which Plaintiff has no fully adequate remedy at law, and will continue unless and until enjoined and restrained by this Court.

<u>COUNT IV</u>

<u>VIOLATIONS OF THE TENNESSEE TRADEMARK ACT</u>

41.     Plaintiff reasserts the allegations in the foregoing paragraphs as if fully set forth herein, and states for Count IV as follows:

42.     Defendant's promotion, marketing, sale, and provision of Defendant's Services under the OLD MILL WINERY and THE WINERY AT THE OLD MILL marks is likely to lessen the capacity of Plaintiff's Marks to identify and distinguish the commercial source of Plaintiff's Services provided under Plaintiff's Marks.  On information and belief, through the use of the OLD MILL WINERY and THE WINERY AT THE OLD MILL marks, Defendant willfully intended to unlawfully and without just cause dilute and/or diminish the distinctiveness of Plaintiff's Marks and their ability to identify and distinguish the commercial source of Plaintiff's Services provided under Plaintiff's Marks from the commercial sources of the same or similar services sold by others in the state of Tennessee.

43.     Defendant's use of the OLD MILL WINERY and THE WINERY AT THE OLD MILL marks to promote, market, and/or sell Defendant's Services constitutes willful trademark dilution under Tenn. Code Ann. § 47-25-513 with regard to the distinctive quality of Plaintiff's Marks and impairs their ability to continue to signify a single source of consistent or controlled quality for services offered under such marks in the state of Tennessee.

44.     The acts of Defendant alleged herein have caused and will continue to cause substantial and irreparable harm, damage and injury to Plaintiff for which Plaintiff has no fully adequate remedy at law, and will continue unless and until enjoined and restrained by this Court.

<u>COUNT V – CANCELLATION OF DEFENDANT'S U.S. TRADEMARK APPLICATIONS</u>

45.     Plaintiff reasserts the allegations in the foregoing paragraphs as if fully set forth herein, and states for its Count V as follows:

46.     Plaintiff is likely to be damaged by registration of the marks of Defendant's Trademark Applications in that the prima facie evidentiary effect of such registrations will tend to impair Plaintiff's right to exclusively use in commerce Plaintiff's Marks and is in legal conflict with Plaintiff's rights.  In view of Plaintiff's continuous use of its Marks in commerce since a date prior to any commencement of actual or constructive use of the OLD MILL WINERY and THE WINERY AT THE OLD MILL marks by Defendant anywhere or in commerce for or in connection with any of Defendant's Services, Defendant's Trademark Applications should be cancelled by this Court pursuant to this Court's power under 15 U.S.C. § 1119.

47.     The acts of Defendant alleged herein have caused and will continue to cause substantial and irreparable harm, damage, and injury to Plaintiff for which Plaintiff has no fully adequate remedy at law, and will continue unless and until enjoined and restrained by this Court.

WHEREFORE, Plaintiff prays for at least the following relief:

a.     A preliminary and permanent injunction and such other and further relief as is provided for under 15 U.S.C. § 1116, Tenn. Code Ann. § 47-18-109(b), Tenn. Code Ann. § 47-25-513(b), and/or the common law to prohibit any further violation of Plaintiff's rights in its OLD MILL Marks, and prohibiting Defendant from unfairly competing with Plaintiff through the use of spurious designations substantially identical to or confusingly similar to Plaintiff's previously used OLD MILL Marks.

b.     An accounting and recovery under 15 USC § 1117(a), Tenn. Code Ann. § 47-18-109, and/or Tenn. Code Ann. § 47-25-514 of Defendant's profits resulting from violation of Plaintiff's rights in the OLD MILL Marks.

c.     Recovery under 15 USC § 1117(a), Tenn. Code Ann. § 47-18-109, Tenn. Code Ann. § 47-25-514, and/or the common law of Plaintiff's damages, in an amount to be determined.

d.     Trebling of the profits or damages, whichever is greater, together with a reasonable attorney's fee and expenses and prejudgment interest, under 15 USC § 1117(a), Tenn. Code Ann. § 47-18-109, and/or Tenn. Code Ann. § 47-25-514 due to the deliberate and willful violation by Defendant of Plaintiff's rights in the OLD MILL Marks.

e.      An award to Plaintiff of its costs in this action.

f.     That all goods, labels, signs, prints, packages, wrappers, catalogs and advertising literature in the possession or control of Defendant bearing the OLD MILL WINERY and THE WINERY AT THE OLD MILL Marks or any other colorable imitation or confusingly similar variation of the OLD MILL Marks of Plaintiff be delivered up to an officer of the Court for destruction pursuant to 15 USC § 1118.

g.     An order that Defendant's Trademark Applications be cancelled from the Registers of the U.S. Trademark Office pursuant to 15 U.S.C. § 1119, and other applicable provisions of Title 15 of the U. S. Code.

h.     Such other, further, and additional relief as this Court may deem reasonable and just.

Plaintiff demands a jury to try the issues joined.

Respectfully submitted,

THE OLD MILL, LLC

By:  s/Michael J. Bradford
        Michael J. Bradford, BPR #22689
        Robert O. Fox, BPR #015185
        LUEDEKA NEELY GROUP, P.C.
        P. O. Box 1871
        1504 Riverview Tower
        Knoxville, TN 37901
        Phone: (865) 546-4305
        Fax:    (865) 523-4478

*ATTORNEYS FOR PLAINTIFF – THE OLD MILL, LLC*